1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIMA WANE, | Case No.  1:22-cv-00813-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 13) |
| v. | |
| KORKOR, *et al.*, | ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT (ECF No. 13) |
| Defendants. | |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Ibrahima Wane ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 25, 2022, the Court screened the complaint and ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal within thirty days.  (ECF No. 12.)

Currently before the Court is Plaintiff's motion requesting an extension of time and appointment of counsel, filed September 26, 2022.  (ECF No. 13.)  In his motion, Plaintiff requests an extension for this case, explaining that he has no experience in law and the person who was relying on was transferred to a new institution.  Plaintiff has asked many people for assistance, but those people already have time consuming cases of their own.  Plaintiff states that someone agreed to write this letter for him in hopes that the Court will appoint him counsel.

1

1    Plaintiff has a speech impediment, making it harder to communicate.  Plaintiff would like to

2    reiterate everything stated in his previous motion for appointment of counsel and states that he is

3    disabled due to his speech impediment.  Plaintiff requests ADA accommodation in the form of

4    counsel.  (*Id.*)

5           As Plaintiff was previously informed, he does not have a constitutional right to appointed

6    counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on*

7    *other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

8    represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*

9    *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

10   request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at

11   1525.

12          Without a reasonable method of securing and compensating counsel, the Court will seek

13   volunteer counsel only in the most serious and exceptional cases.  In determining whether

14   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

15   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

16   complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

17          The Court has considered Plaintiff's request, but does not find the required exceptional

18   circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has

19   made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

20   This Court is faced with similar cases filed by prisoners with limited legal knowledge and

21   suffering from various disabilities who are proceeding *pro se* almost daily.  These prisoners also

22   must conduct legal research and prosecute claims without the assistance of counsel.  Although

23   Plaintiff may suffer a speech impediment, this does not prevent him from communicating with the

24   Court in writing.

25          Furthermore, at this stage in the proceedings, the Court cannot make a determination that

26   Plaintiff is likely to succeed on the merits.  Plaintiff's original complaint was screened and found

27   not to state cognizable claims, and the Court is awaiting the filing of Plaintiff's amended

28   complaint for screening.  Further, based on a review of the record in this case, the Court does not

find that Plaintiff cannot adequately articulate his claims.

Finally, with respect to Plaintiff's request for an extension of time, the Court notes that Plaintiff has not specified which deadline he wishes to extend or provided a reason supporting the requested extension.  However, in light of Plaintiff's *pro se* status, the Court finds it appropriate to grant Plaintiff a brief extension of time to receive the instant order and then to file an amended complaint or notice of voluntary dismissal.  The Court finds that an extension of thirty days is appropriate under the circumstances.  <u>Any future requests for extension of time should specify the deadline Plaintiff wishes to extend and provide good cause supporting the request.</u>

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel, (ECF No. 13), is DENIED, without prejudice;

2. Plaintiff's motion for extension of time, (ECF No. 13), is GRANTED;

3. The Clerk's Office shall send Plaintiff a complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in the August 25, 2022 screening order or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a); and

5. **<u>The failure to comply with this order will result in a recommendation to dismiss this action, with prejudice, for failure to obey a court order and for failure to state a claim.</u>**

IT IS SO ORDERED.

Dated:   __**September 28, 2022**__          ___/s/ *Barbara A. McAuliffe*___
                                             UNITED STATES MAGISTRATE JUDGE