# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIMA WANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KORKOR, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00813-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 15)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Ibrahima Wane ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 15.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at High Desert State Prison. Plaintiff alleges the events in the complaint occurred at California Substance Abuse and Treatment Facility ("SATF"). Plaintiff names as defendants: (1) Dr. W. Korkor, (2) Dr. Chain, psychiatrist, and (3) Warden Cisneros.[1]

In claims 1 and 2, Plaintiff alleges denial in right to medical care, Due Process and freedom from cruel and unusual punishment.

---

[1] Plaintiff alleges this case is the same case as a state court case that was dismissed from Kings County Superior Court, Case number 19c-0410. The current case may be subject to claim preclusion or issue preclusion. Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. However, while the Court could take judicial notice of the records from Kings County Superior Court, the records are not clear as to the claims and events at issue which were dismissed. Therefore, at this point in the current case, the Court cannot ascertain whether the claims should be precluded.

On June 9, 2017 at about 10:30 a.m. on Facility E-yard, Plaintiff was seen by his health care provider about his swollen, painful, lumps discharging fluid out of his breast. His primary care physician, Dr. W. Korkor, examined his breast enlargement and he said that Plaintiff needed medical treatment. But in 2017, Plaintiff did not receive any treatment. Dr. Korkor asked Plaintiff "who gave you this medication," and Plaintiff said that Plaintiff's mental health provider, Dr. Y. Chain prescribed the medication which caused his injury. Dr. Korkor referred Plaintiff back to the mental health provider. Plaintiff explained to Dr. Y. Chain about his condition and showed his condition to Dr. Chain. Dr. Chain told Plaintiff that the medication may cause the problem and so Dr. Chain discontinued his medication. Dr. Korkor told Plaintiff that there is nothing that she could do for Plaintiff, and Dr. Chain referred Plaintiff back to Plaintiff's health care provider Dr. Korkor.

Plaintiff alleges that he now has female breasts that leak due to his psychotropic medication, Celexa. On 7/4/18, Plaintiff told his mental health provider, Dr. Chain, that Celexa may cause the injury. On 7/17/18, Dr. Korkor told Plaintiff that there is nothing that could be done.

In the year 2019, Plaintiff was seen by Dr. Korkor and his health care provider and they talked about Plaintiff's discharging breasts. Both Dr. Korkor and Dr. Chain told Plaintiff that there is nothing that can be done.

Plaintiff suffers significant and recurrent pain from his swollen, painful lumps, leaking and discharging breast fluid. The prison doctor Dr. Chain prescribed medication that caused the harm. After Dr. Chain found out about the injury, she discontinued the medication, Celexa, Depakote and Vistaril. Dr. Chain initially prescribed these medications knowing the side effect on Plaintiff and that is deliberate indifference.

Plaintiff had a serious medical need. Plaintiff filed three health care 602 appeals against medical staff. Plaintiff suffers and continues to suffer from the harm. Plaintiff was denied care for his serious medical need and this condition seriously effects his daily activities, he is unable to work, sleep, shower, and has physical pain, mental anguish, embarrassment, humiliation and psychological injury. Plaintiff alleges that the use of untrained personnel to make medical

3

decisions is systemic deficiency in staffing. Permitting persons without medical training to decide whether prisoners receive medical attention is deliberate indifference.

Plaintiff seeks compensatory damages and punitive damages.

### III.  Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Many of Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved.

#### B.  Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt

personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

The Warden cannot be held responsible because he did not personally participate or implement a deficient policy. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the assault. *See Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

Plaintiff alleges that untrained staff were providing medical decisions and that was "a systemic deficiency in staffing." However, Plaintiff fails to allege any facts about the training he alleges was failed to be provided. Plaintiff alleges that both Defendant Korkor and Chain were medical doctors. Plaintiff does not allege any factual support that their training was deficient. Plaintiff has been unable to cure the deficiency in supervisory liability.

### C. Eighth Amendment – Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97,

5

105 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To succeed on a medical care claim, a plaintiff must establish he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Estelle*, 429 U.S. at 106.  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "... unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992); *see also Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994).

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837. "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.,* 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). But deliberately ignoring a prisoner's prior physician orders for reasons unrelated to the medical needs of a prisoner may show deliberate indifference. *Hamilton v. Endell*, 981 F.2d 1062, 1066-67 (9th Cir. 1992) (overruled on other grounds).

Plaintiff states he had serious breast pain and breast leakage, and the Court will liberally

construe the allegations that Plaintiff states a serious medical need.

However, Plaintiff fails to allege sufficient factual support to satisfy the second prong, that any Defendant was deliberately indifferent to a serious medical need. Plaintiff fails to allege any factual support regarding the conduct of Dr. Korkor or Dr. Chain that each defendant violated his constitutional rights. Plaintiff appears to allege that each Defendant prescribed the medication knowing that Plaintiff would suffer from breast discharge. Plaintiff fails to factually support such allegation, and the allegation is conclusory. Even if discharge in breasts was a known side effect of the medication, Plaintiff fails to allege any defendant knew that Plaintiff would suffer such side effect and that they nonetheless prescribed the medication with that knowledge. Indeed, Plaintiff alleges that Dr. Chain discontinued the medication once Plaintiff informed Dr. Chain of the side effect from the medication. Dr. Korkor was not responsible for prescribing the medication.

Plaintiff also alleges that Dr. Korkor and Dr. Chain told Plaintiff that nothing can be done for the condition. A difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. Plaintiff fails to allege facts that any defendant "knows of and disregards an excessive risk to inmate health or safety."

**D. Americans with Disabilities Act and Rehabilitation Act ("ADA" and "RA")**

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id.* § 12131(2).

While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same

7

analysis to claims brought under both statutes." *Zukle v. Regents of the Univ. of Cal.,* 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

To the extent Plaintiff intends to sue the individually named defendants for violation of his rights under the ADA, he may not "bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). The proper defendant in ADA actions is the public entity responsible for the alleged discrimination. *U.S. v. Georgia*, 546 U.S. 151, 153 (2006). State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); *Pennsylvania Dep't. of Corr. v. Yeskey,* 524 U.S. 206, 210 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

In order to state a claim under the ADA, the plaintiff must have been "improperly excluded from participation in, and denied the benefit of, a prison service, program, or activity on the basis of his physical handicap." *Armstrong*, 124 F.3d at 1023. Plaintiff has alleged no facts demonstrating such exclusion or denial. Plaintiff does not allege that he has a disability. Plaintiff also does not allege that any of his illnesses led to an exclusion or denial of a prison service, program, or activity. Further, plaintiff's allegations of inadequate medical care do not state a claim under the ADA. *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); *see also Simmons*, 609 F.3d at 1022 (Inadequate or negligent medical treatment alone does not constitute an unlawful failure to accommodate under the ADA or the Rehabilitation Act.).

### IV.    Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action

be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 27, 2022**         /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE