UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIMA WANE, | No. 1:22-cv-00813-JLT-BAM (PC) |
| Plaintiff, | ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| KORKOR, *et al.*, | |
| Defendants. | (Doc. 17) |

The assigned magistrate judge screened the first amended complaint and issued findings and recommendations that this action be dismissed for failure to state a cognizable claim upon which relief may be granted. (Doc. 17.) The Court directed Wane to file objections, if any, within 14 days, but the plaintiff did not. (*Id.*)

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court **ADOPTS in part** and **REJECTS in part** the findings and recommendations.

Wane's first amended complaint asserts claims for the denial of right to medical care, Due Process,[1] and freedom from cruel and unusual punishment. (Doc. 15 at 3-4.) His claims arise from

---

[1] Because it is undisputed that Wane is a convicted prisoner, not a pretrial detainee, the Court analyzes his claims under the Eighth Amendment rather than the Fourteenth Amendment's Due Process Clause. *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016); *see also Russell v. Lumitap*, 31 F.4th 729, 738 (9th Cir. 2022) ("[C]laims brought by pretrial detainees under the Fourteenth Amendment should not necessarily be evaluated under the same standard as claims brought by convicted prisoners under the Eighth Amendment.").

1

1 allegations involving the health care treatment he received at the California Substance Abuse and
2 Treatment Facility. (*Id.* at 2.) Wane alleges that on June 9, 2017, he was seen by his primary care
3 physician, Dr. W. Korkor, for the pain, swelling, and lumps discharging fluid out of his breasts.
4 (*Id.* at 3.) Dr. Korkor diagnosed the problem as stemming from Wane's medication prescribed by
5 his mental health provider, Dr. Y. Chain. (*Id.* at 4.) Dr. Korkor told Wane that he needed medical
6 treatment for his condition and referred him to Dr. Chain. (*Id.* at 3-4.) Dr. Chain discontinued
7 Wane's medication (Celexa), but both Dr. Chain and Dr. Korkor said nothing could be done
8 about his current condition. (*Id.*) Wane alleges that he now has female breasts that leak due to the
9 Celexa medication. (*Id.* at 4.) Wane asserts claims against Dr. Korkor, Dr. Chain, and Warden
10 Cisneros. (*Id.* at 2-3.)

11 To the extent Wane brings a claim against Warden Cisneros under a supervisory liability,
12 the Court agrees with the magistrate judge's findings that the complaint does not contain
13 sufficient facts to maintain that claim. Wane alleges that "systemic deficiencies in staffing,
14 facilities, or procedures which make unnecessary suffering inevitable constitute deliberate
15 indifference to prisoners' medical needs," and "the use of untrained personnel to medical decision
16 [sic] is a system deficiency in staffing." (Doc. 15 at 9.) As concluded in the findings and
17 recommendations, these conclusory statements do no suffice to plead an Eighth Amendment
18 claim for supervisory liability. (*See* Doc. 17 at 4-5.) Wane has not stated any specific facts to
19 allege Dr. Chain's or Dr. Korkor lack the necessary medical training. Accordingly, the Court
20 **ADOPTS** the magistrate judge's findings with respect to Warden Cisneros.

21 Regarding Wane's claims against Dr. Chain and Dr. Korkor, the first amended complaint
22 arguably sets forth two theories of Eighth Amendment liability for inadequate medical care: (1)
23 for Dr. Chain's initial prescribing of the Celexa medication that allegedly caused the injuries and
24 (2) for the failure by either doctor to treat the injury after the condition arose. (Doc. 17 at 3-4.) To
25 state a claim under the Eighth Amendment for inadequate medical case, the prisoner must show
26 that the mistreatment rises to the level of "deliberate indifference to serious medical needs" to
27 constitute cruel and unusual punishment. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)
28 (internal quotations omitted). The two-part test for Eighth Amendment inadequate medical care

requires the plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wonton infliction of pain" and (2) "the defendant's response to the need was deliberately indifferent." *Id.* (internal quotations omitted). As to the first step, the Court agrees with the findings and recommendations that Wane's breast pain and leakage constitute a serious medical need at the pleading stage. (*See* Doc. 17 at 6-7.)

The more difficult question involves the second step of the analysis. To the extent that Wane claims deliberate indifference by Dr. Chain for having initially prescribed him the Celexa medication, the Court agrees that this theory does not provide a valid claim for relief. To proceed on a claim that a medical professional violated the Eighth Amendment for having chosen a prescription that caused negative side effects, the plaintiff must plead a "culpable mental state" when prescribing the medication. *See Murillo v. Thornton*, 2008 WL 110899, at *4 (S.D. Cal. Jan. 9, 2008). In other words, the medical professional must have known that this inmate was at a particularized risk for the resulting side effect. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *see also Thomas v. Antipov*, 2015 WL 641446, at *12 (E.D. Cal. Feb. 12, 2015), *report and recommendation adopted*, 2015 WL 1345307 (E.D. Cal. Mar. 20, 2015), *modified on reconsideration*, 2015 WL 1801346 (E.D. Cal. Apr. 16, 2015) ("Under *Toguchi*, Ma's decision to prescribe Tylenol # 3 cannot constitute deliberate indifference if Ma did not believe that the medication presented a serious risk of harm to plaintiff."). Even construing Wane's allegations to include a failure to warn him of the potential side effects, courts have consistently held that this amounts, at most, to medical malpractice or professional negligence but not deliberate indifference. *See Burgess v. Mar*, 395 F. App'x 368, 368-69 (9th Cir. 2010); *Williams v. CDCR*, 2015 WL 6669816, at *5 (E.D. Cal. Oct. 29, 2015) ("Failure to advised [sic] Plaintiff of the negative side-effects of a medication . . . may constitute, at the most medical malpractice—which is a form of professional negligence."). Negligence in "diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Accordingly, the Court **ADOPTS** the magistrate judge's findings that Dr. Chain's initial decision to prescribe Celexa does not state a valid Eighth

Amendment claim.

However, the Court finds the theory that Dr. Chain and Dr. Korkor were deliberately indifferent to Wane's serious medical need by providing no treatment after his breast condition developed, meets the pleading standard. Prison officials demonstrate deliberate indifference when they are aware of the patient's condition but deny, delay or intentionally interfere with medical treatment. *Estelle*, 429 U.S. at 104. Wane made Dr. Chain and Dr. Korkor aware of the ongoing pain, swelling, and leaking of his breasts. (Doc. 15 at 3-4.) Both medical professionals informed him that there was nothing they could do, despite Dr. Korkor's conclusion that Wane needed medical treatment. (*Id.*) Their refusal to provide any medical care may constitute deliberate indifference to a serious medical need. *See Figueroa v. Ryan*, 703 F. App'x 540, 540-41 (9th Cir. 2017) (reversing district court's dismissal of medical deliberate indifference claim where plaintiff alleged he told defendants "that he was suffering complications and side effects from his medications, and that [defendants] refused to help"); *Townsend v. Hemela*, 2021 WL 3737467, at **4-5 (E.D. Cal. Aug. 24, 2021), *report and recommendation adopted*, 2021 WL 4263062 (E.D. Cal. Sept. 20, 2021) (denying dismissal where plaintiff made repeated requests and complaints about the side effects of his medication but the defendant medical professional refused to change or reduce the dosage of plaintiff's medication).

Arguably, Dr. Chain provided at least some medical care by discontinuing the Celexa medication. (Doc. 15 at 4.) On the other hand, a liberal construction of Wane's allegations suggests a knowing disregard of an ongoing serious medical need because Wane alleges his pain and symptoms are "recurrent," even after discontinuing use of Celexa. (Doc. 15 at 6); *see Bradford v. Kvichko*, 2017 WL 6730408, at *4 (E.D. Cal. Dec. 29, 2017) (finding deliberate indifference sufficiently pled where defendant failed to provide medical care despite knowing of plaintiff's sever chest pain and blurred vision, a side effect of his medication). After discovery, the evidence may reveal that Dr. Chain's and Dr. Korkor's decision not to treat the swollen and painful lumps in Wane's breasts was a medically acceptable course of treatment under the circumstances. *See Toguchi*, 391 F.3d at 1058. However, at the pleading stage, the allegations that both doctors chose simply not to provide any medical treatment for Wane's ongoing painful

condition satisfies the pleading standard that they failed "to respond to a prisoner's pain or possible medical need" and that indifference caused harm. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096). Thus, the Court **DECLINES to adopt** the recommendation to dismiss the claims against Dr. Chain and Dr. Korkor on this basis. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on December 28, 2022, (Doc. 17), are **ADOPTED in part** and **REJECTED in part**.
2. Wane's claims against Warden Cisneros are **DISMISSED**, with prejudice, for failure to state a cognizable claim upon which relief may be granted.
3. Wane's claims against Dr. Chain based upon his initial prescribing of the Celexa medication are **DISMISSED**, with prejudice, for failure to state a cognizable claim upon which relief may be granted.
4. This case **SHALL** proceed only on Wane's Eighth Amendment claims for failure to treat his side effects caused by the Celexa medication.
5. This action is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 14, 2023**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE