# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIMA WANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KORKOR, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00813-JLT-BAM (PC)<br><br>ORDER GRANTING *NUNC PRO TUNC* DEFENDANTS' *EX PARTE* MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND THE DEADLINE TO FILE A MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br>(ECF No. 35)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS-BASED DISCOVERY<br>(ECF No. 37)<br><br>**Exhaustion Motion Deadline: January 19, 2024** |

Plaintiff Ibrahima Wane ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Chen and Kokor[1] for failure to treat Plaintiff's side effects caused by the Celexa medication, in violation of the Eighth Amendment.

Pursuant to the Court's June 20, 2023 Discovery and Scheduling Order and October 12, 2023 order granting the parties' Stipulated Motion to Modify the Discovery and Scheduling

---

[1] Erroneously sued as "Chain" and "Korkor."

1

1  Order, the deadline for filing motions for summary judgment for failure to exhaust administrative
2  remedies was set for November 20, 2023.  (ECF Nos. 24, 33.)

3  On November 16, 2023, Defendants filed an *ex parte* Motion to Modify the Scheduling
4  Order to extend the exhaustion-based dispositive motion deadline by sixty days, to January 19,
5  2024.  (ECF No. 35.)  Plaintiff did not respond to the motion, and the deadline to do so has
6  expired.

7  On January 16, 2024, prior to the Court ruling on the motion, Defendants filed a motion
8  for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies
9  and Plaintiff's claims preceding July 1, 2018 are beyond the statute of limitations without
10 applicable exception.  (ECF No. 36.)  Defendants also filed a motion for an order staying merits-
11 based discovery and vacating all deadlines in the Court's scheduling order, pending resolution of
12 the motion for summary judgment.  (ECF No. 37.)

13 Plaintiff has not yet had an opportunity to respond to the motion to stay discovery, but the
14 Court finds a response unnecessary.  The motion to modify the scheduling order and the motion
15 to stay discovery are deemed submitted.  Local Rule 230(l).

16 Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
17 with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily
18 considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*
19 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot
20 reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was
21 not diligent, the inquiry should end.  *Id.*

22 Defense counsel states that good cause exists to modify the scheduling order to extend the
23 November 20, 2023 deadline to file a motion for summary judgment for failure to exhaust
24 administrative remedies because the case was reassigned to current defense counsel on November
25 14, 2023.  (ECF No. 35.)  Although former counsel began preparing an exhaustion-based
26 summary judgment motion, current counsel needed additional time to complete her file review
27 and finish preparing the motion.  (*Id.*)
28 ///

2

Defendants further argue that a stay of merits-based discovery is appropriate on the grounds that: (1) Defendants' pending motion for summary judgment will potentially dispose of the entire case; (2) the parties and the Court do not require additional information to decide the motion; and (3) the expenditure of resources required to conduct discovery will be needless if the Court finds that Plaintiff's claims are time-barred and he failed to exhaust his administrative remedies. (ECF No. 37.)

In light of Plaintiff's failure to oppose the motion to extend the exhaustion-based summary judgment motion deadline, as well as the filing of Defendants' exhaustion-based summary judgment motion on January 16, 2024, the Court finds good cause to extend the exhaustion-based dispositive motion deadline in this action.

In addition, having considered Defendants' moving papers, the Court finds good cause to modify the Discovery and Scheduling Order to stay <u>merits-based</u> discovery and to vacate the discovery and dispositive motion deadlines. The Court finds it would be an efficient use of the resources of the Court and the parties to address any exhaustion or statute of limitations issues prior to reaching the merits of this action. The Court further notes that a stay of <u>merits-based</u> discovery does not prevent the parties from conducting any further discovery needed to address the issues of whether Plaintiff exhausted his administrative remedies or whether any equitable tolling may apply to the statute of limitations, particularly in light of the pending deadline for the filing of Plaintiff's opposition to the summary judgment motion. Finally, the Court finds that the relief granted here will not result in prejudice to Plaintiff.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the discovery and scheduling order, to extend the deadline to file a motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 35), is GRANTED, *nunc pro tunc*;

2. Motions for summary judgment for failure to exhaust administrative remedies shall be filed on or before **January 19, 2024**;

3. Plaintiff's opposition or statement of non-opposition to Defendants' motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 36), remains due

within **twenty-one (21) days** from the date of service of that motion;

4. Defendants' motion to stay non-exhaustion-related discovery and vacate all current deadlines, (ECF No. 37), is GRANTED;

5. Merits-based discovery (not including discovery related to the issue of exhaustion or equitable tolling of the statute of limitations) is STAYED;

6. The discovery and dispositive motion deadlines are VACATED; and

7. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   **January 16, 2024**          /s/ *Barbara A. McAuliffe*          
                                                   UNITED STATES MAGISTRATE JUDGE